UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
AUBURN DIVISION

| | | |
|---|---|---|
| MICHELLE NICHOLS ) | Case No. 5:10-CV-1418 |
| ) | (GTS/DEP) |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| CAWLEY & BERGMANN, LLP ) | **Jury Trial Demanded** |
| ) | |
| Defendant. ) | |
| ) | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Michelle Nichols ("Plaintiff"), is a natural person who at all relevant times resided in the State of New York, County of Onondaga, and City of Syracuse.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Cawley & Bergmann, LLP ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of

attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendant, via its agent and/or employee "Mr. Johnson" left a voicemail on Plaintiff's cellular telephone on September 17, 2010 @ 8:50 A.M. and at such time, failed to disclose that the communication was from a debt collector. (15 U.S.C. § 1692e(11)).

12. Defendant, via its agent and/or employee "Mr. Johnson" left a voicemail on Plaintiff's cellular telephone on September 17, 2010 @ 8:50 A.M. and at such time, stated that the communication was from "the Cawley Bergman law office," when in fact Defendant's true corporate and/or business name is "Bronson, Cawley & Bergman, LLP." (15 U.S.C. §§ 1692d(6), 1692e(14)).

13. Defendant, via its agent and/or employee "Mr. Johnson" left a voicemail on Plaintiff's cellular telephone on September 17, 2010 @ 8:50 A.M. and at such time, stated to Plaintiff that he was calling from a law office, and that the call was in reference to a case number, with the intent of misleading Plaintiff and causing Plaintiff to believe that litigation had been initiated against her. (15 U.S.C. §§ 1692e(2)(A), 1692e(10)).

14. Defendant sent Plaintiff written correspondence dated September 17, 2010 in which Defendant stated "[p]lease note that no attorney with our firm has personally reviewed the particular circumstances of your account."

15. Despite this disclaimer, the correspondence was placed upon Defendant's law firm letterhead and signed by attorney Jonathan P. Cawley, Esq., thus misrepresenting the level of meaningful attorney involvement in the collections process. (15 U.S.C. Falsely representing the level of attorney involvement in the collections process. (15 U.S.C. §§ 1692e(3), 1692e(10)).

16. Defendant's actions constitute conduct highly offensive to a reasonable person.

**COUNT I**

17. Plaintiff repeats and re-alleges each and every allegation contained above.

18. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a) Adjudging that Defendant violated the FDCPA;

  b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

  c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

  d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this

action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

19. Plaintiff is entitled to and hereby demands a trial by jury.

This 23rd day of November, 2010.

ATTORNEYS FOR PLAINTIFF
*Michelle Nichols*

Respectfully submitted,

s/Dennis R. Kurz
Dennis R. Kurz
NY Bar No. 4570453
***Weisberg & Meyers, LLC***
Attorneys for Plaintiff
300 International Drive, Suite 100
Williamsville
 Buffalo, NY 14221
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com

*Please send correspondence to the address below*

Dennis R. Kurz
NY Bar No. 4570453
***Weisberg & Meyers, LLC***
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012